John Brandenberg, Appellee, v. Henry Eisenreicher,
Appellant.

### Gen. No. 23,757.

1. APPEAL AND ERROR, § 800*—*necessity of notice of motion for
rule to file new appeal bond appearing in bill of exceptions.* The
fact of notice to an appellant's attorney of a motion for a rule
to file a new appeal bond can be made to appear only by a bill
of exceptions, and the recital of such notice in the clerk's transcript
of the record is unavailing.

2. APPEAL AND ERROR, § 1265*—*what presumed in absence of bill
of exceptions showing proceedings relative to striking appeal bond
from files.* In the absence of a bill of exceptions showing the pro-
ceedings upon which an order was entered striking an appeal bond
from the files for insufficiency, it will be presumed. that the pro-
ceedings were regular and that objections to the bond were duly
filed and that the notice required as a basis for the order was
duly given.

3. APPEAL AND ERROR, § 675*—*what is effect of order granting ap-
peal authorizing clerk to approve security on power of court to can-
cel or reject bond.* The fact that the order granting an appeal
authorizes the clerk to approve the security does not require that
the proceedings for further examination of the surety and requiring
new security shall be had before the clerk, but the court still re-
tains the power to cancel or reject the bond so approved and to
require another.

Appeal from the Circuit Court of Cook county; the Hon. BEN-
JAMIN W. POPE, Judge, presiding. Heard in the Branch Appellate
Court at the October term, 1917. Appeal dismissed. Opinion filed
November 22, 1917.

A. G. DICUS, for appellant.

ADELOR J. PETIT, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion
of the court.

Appellee has made a motion to dismiss this appeal

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

for failure to file a new bond in accordance with a rule of the trial court.

On July 10, 1917, the judgment appealed from was entered against appellant and an appeal granted upon condition that he file his bond in 30 days, the security to be approved by the clerk of the court, and a bill of exceptions within 90 days. On August 9th a bond was presented to and the surety approved by the clerk. On August 18th the court entered an order striking the bond from the files for insufficiency and entered a rule on defendant to file a new bond within 5 days thereafter, presumably acting under the power conferred by section 95 of the Practice Act (J. & A. ¶ 8632). This rule was not complied with. The approval of the bond and the striking or rejection thereof occurred in the July term of the court. At the next term, on August 25th, the defendant moved to set aside the order of August 18th, and on August 27th another judge of said court granted the motion.

Appellee urges that the court was without jurisdiction to vacate its order of August 18th entered at a previous term, and appellant contends that the order was a nullity on the ground that the court was without jurisdiction to enter it, and that therefore the court had a right at the subsequent term to expunge it from the record.

The basis of appellant's contention is that the power given to the court by section 95 of the Practice Act (J. & A. ¶ 8632), to require a new bond after the time first fixed for filing the same has expired, contemplates as among conditions for its exercise the filing of objections to the sufficiency of the bond and due service of notice for the surety to appear in open court or before the clerk for examination, and that the record should show, but does not disclose, such conditions; and appellant properly urges that the recital in the clerk's transcript of the record of a notice to appellant's attorney of a motion for a rule to file

a new appeal bond is unavailing, as it could be made to appear only by a bill of exceptions, and none is before us.

But while the record does not disclose the proceedings upon which such order was entered, and which, whether regular or defective, could have been shown by a bill of exceptions, in the absence of the latter we must indulge in the presumption of regularity in the court's proceedings, and assume that objections were duly filed and the notice required by the act duly given as a basis for the court's order. By failure to comply with the order the appeal was not perfected and therefore it must be dismissed.

The point is made that as the order granting the appeal authorized the clerk to approve the security, the proceedings for further examination of the surety and requiring new security should have been had before the clerk. We do not think that the authorization thus given to the clerk took from the court its power to cancel or reject the bond so approved and to require another.

*Appeal dismissed.*